[Cite as *State v. Carnicom*, 2016-Ohio-7290.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-15-077

        Appellee                                  Trial Court No. 2013 CR 0373

v.

Shawn Carnicom                                  **DECISION AND JUDGMENT**

        Appellant                                Decided:  October 7, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T. Harold and
David E. Romaker, Jr., Assistant Prosecuting Attorneys, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Shawn Carnicom, appeals the November 24, 2015 judgment of

the Wood County Court of Common Pleas revoking his community control and imposing

a one-year sentence for forgery in violation of R.C. 2950.04(E)(2) and 2913.31, a felony

of the fifth degree.  For the reasons that follow, we affirm.

**Background Facts**

{¶ 2} Appellant was indicted on one count of forgery. Appellant entered a not guilty plea to the charge. On April 24, 2014, appellant withdrew his plea of not guilty and entered a plea of guilty.

{¶ 3} On June 16, 2014, a sentencing hearing was held and appellant was sentenced to two years community control. As a condition of his community control, appellant was to complete the SEARCH program of the NorthWest Community Corrections Center. Appellant was also notified a violation of his community control sanction may lead to a prison term of one year and imposition of postrelease control of up to three years. This judgment was journalized June 18, 2014. Appellant did not timely appeal this judgment but, on May 12, 2015, appellant filed a motion to reconsider his sentence with the trial court. The motion was denied on June 15, 2015.

{¶ 4} On October 16, 2015, the state filed a petition to revoke appellant's community control because he failed to complete the SEARCH program. Appellant was discharged from the program because he accumulated six warnings and eight sanctions, thereby being deemed as failing to progress. A community sanction violation hearing was held, on November 19, 2015, and the trial court found appellant violated his community control. Appellant was sentenced to one year incarceration, and was given credit for 207 days of time served, for the violation. The judgment was journalized November 24, 2015. It is from this judgment appellant now appeals.

2.

## *Anders* Brief

{¶ 5} On March 31, 2016, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted, after thoroughly reviewing the transcript of proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented. Counsel did submit one potential assignment of error claiming appellant's sentence was contrary to law. The state filed a brief, concurring with the conclusion of appellant's counsel that there was no arguable basis for a meritorious assignment of error and urging this court to permit counsel to withdraw.

{¶ 6} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id*. In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id*. Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id*. If the appellate court

3.

determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id.*

{¶ 7} Here, appellant's counsel has satisfied the requirements set forth in *Anders*. Appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential assignment of error set forth by appellant's counsel as well as the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

### Proposed Assignment of Error

{¶ 8} Appellant's counsel sets forth the following proposed assignment of error:

Appellant's sentence is contrary to law.

{¶ 9} The court must therefore determine if the sentence is amply supported by the facts on record.

{¶ 10} "An appellant court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, __Ohio St.3d__, 2016-Ohio-1002, __N.E. 3d__, ¶ 23.

{¶ 11} R.C. 2953.08(G)(2) provides an appellate court may increase, reduce, modify, or vacate a sentence and remand for resentencing where there is clear and convincing evidence the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. Moreover, R.C. 2929.17 provides "the court imposing a

4.

sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose [community control]." *See State v. Barron*, 10th Dist. Franklin No. 09AP-458, 2009-Ohio-5785, ¶ 21(imposing two years community control for fifth degree felony).

{¶ 12} If the conditions of a community sanction are violated, the sentencing court may impose upon the violator a prison term pursuant to R.C. 2929.14. *See* R.C. 2929.15(B)(1)(c). This prison term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(2)]." The prison term for fifth degree felonies ranges from six months to one year incarceration. *See* R.C. 2929.14(A)(5).

{¶ 13} Here, the record reveals appellant's sentence is not contrary to law. Appellant violated his community control sanction by failing to complete the SEARCH program in 2014. At the June 2014 sentencing, appellant was properly notified of this condition of his community control and the possible sanction for violating it. The record supports appellant violated the condition because he accumulated six warnings and eight sanctions while in the program. The one-year sentence imposed upon appellant for the violation is within the permissible statutory sentencing range for a fifth degree felony. Furthermore, the trial court properly considered the purposes and principles of sentencing, as stated in R.C. 2929.11, as well as the factors in R.C. 2929.12. Therefore,

the trial court's sentence is not contrary to law and the proposed assignment of error is without merit.

{¶ 14} Last is our examination of the record to determine whether this appeal is frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Review of the record, including the submitted transcript of the proceedings, does not disclose any errors by the trial court which would justify a reversal of the judgment. We find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is granted.

## Conclusion

{¶ 15} The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____

                                     JUDGE

Arlene Singer, J.    

                              _____

Stephen A. Yarbrough, J.                                         JUDGE
CONCUR.

                              _____

                                     JUDGE


6.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.