[Cite as *State v. Walsson*, 2018-Ohio-4485.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        CASE NO. CA2018-02-004

                                        :        O P I N I O N
- vs -                                             11/5/2018

                                        :

RAYMOND WADE WALSSON, JR.,               :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015CR0665


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


    **RINGLAND, P.J.**

    {¶ 1}  Defendant-appellant, Raymond W. Walsson, appeals from the decision of the Clermont County Court of Common Pleas sentencing him to three consecutive eight-month prison terms.

    {¶ 2}  On December 22, 2015, the Clermont County Grand Jury returned a three-count indictment charging Walsson with three fifth-degree felonies. Walsson pled guilty to all

three counts. On June 22, 2016, the trial court sentenced him to five years of community control. The sentencing entry included general conditions of supervision and specific sanctions and conditions. Approximately two months after sentencing, the probation department filed an affidavit asserting Walsson violated the conditions of his community control. The affidavit alleged Walsson violated the general conditions by failing to abide by all laws, refrain from drug use, and follow probation officer instructions. The affidavit further alleged Walsson violated the specific conditions by failing to refrain from alcohol or drug use, successfully complete drug treatment, successfully complete treatment recommended by the probation department, and pay court costs, probation fees, and restitution.

{¶ 3} The trial court held a hearing on the matter wherein Walsson admitted to the violations. The trial court found Walsson committed the community controls violations and continued sentencing. Approximately four months later, the probation department filed a supplemental affidavit asserting Walsson committed additional community control violations. The affidavit alleged Walsson again engaged in the use of alcohol or drugs, including heroin and cocaine. The trial court held another hearing and Walsson admitted to the violations.

{¶ 4} The trial court found Walsson committed the violations and sentenced him to serve three consecutive eight-month prison terms for the fifth-degree felonies. As discussed below, the trial court found

> the limitations of R.C. 2929.15(B)(1)(c) do not apply because the defendant was on community control for three separate offenses, not 'a felony of the fifth degree,' and because part of the community control violation was for the defendant's continued use of heroin and cocaine, each instance of which constitutes a new felony criminal offense.

Walsson appealed his sentence based on the trial court's findings pursuant to R.C. 2929.15(B)(1)(c).

{¶ 5} Sole Assignment of Error:

{¶ 6} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(C)(I) ONLY APPLIES TO DEFENDANTS WHO ARE ON COMMUNITY CONTROL FOR ONE FELONY OF THE FIFTH DEGREE.

{¶ 7} Walsson argues the trial court erred in finding the 90-day statutory limitation inapplicable. Walsson contends the trial court misconstrued the statutory language when it found the limitation does not apply where a defendant violates his community control sanction, which was imposed for multiple fifth-degree felonies, as compared to a single fifth-degree felony. Therefore, Walsson asserts his sentence is clearly and convincingly contrary to law.

{¶ 8} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *accord State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 9} As explained in *Marcum*, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." *Marcum* at ¶ 9. Rather, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No.

- 3 -

CA2015-06-100, 2016-Ohio-2890, ¶ 8, citing *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6.

{¶ 10} Walsson contends his sentence is contrary to law because the trial court sentenced him outside the permissible statutory range. The relevant sentencing statute at issue is R.C. 2929.15(B)(1)(c), which provides that if a defendant violates the conditions of a community control sanction, the sentencing court may impose a prison term pursuant to R.C. 2929.14 and 2929.15(B)(3). R.C. 2929.15(B)(1)(c) is subject to the following limitations:

> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

> (ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 11} As discussed above, the trial court made two findings with respect the inapplicability of R.C. 2929.15(B)(1)(c). First, the trial court found the statutory provision did not apply to Walsson because he was on community control for three separate offenses, as opposed to a single fifth-degree felony. Second, the statute did not apply to Walsson because part of his violations of the conditions of his community control sanction involved his continued use of heroin and cocaine, which constitute new felony criminal offenses. Walsson argues the trial court erred with respect to the first finding. However, we need not determine whether the trial court erred in its interpretation of the phrase, "a felony of the fifth degree," as the 90-day exception does not apply to Walsson based on the plain language of the statute.

{¶ 12}   R.C. 2929.15(B)(1)(c)(i) provides that a prison term imposed for violation of fifth-degree felony community control may not exceed 90 days if the violation was "for any technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony * * *."  Thus, an offender on community control for a fifth-degree felony who engages in conduct constituting a new felony offense does not enjoy the benefit of the 90-day prison term limitation.

{¶ 13}   The trial court imposed Walsson's community control sanction for three fifth-degree felonies.  At the hearing, Walsson admitted and the trial court found that he violated the conditions of his community control sanction by using heroin and cocaine.  Use of heroin and cocaine are felonies pursuant to R.C. 2925.11(C)(4) and (6).  Thus, Walsson committed violations of law while under his imposed fifth-degree felony community control sanction that are new felony criminal offenses.  Therefore, the prison term limitation of R.C. 2929.15(B)(1)(c)(i) is explicitly inapplicable to Walsson and the trial court did not err in imposing three consecutive eight-month prison terms.

{¶ 14}   Accordingly, Walsson's sentence is not clearly and convincingly contrary to law and his sole assignment of error is overruled.

{¶ 15}   Judgment affirmed.

PIPER and M. POWELL, JJ., concur.