[Cite as *State v. Showalter*, 2018-Ohio-5299.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                    :

    Appellee,                                  :          CASE NO. CA2018-04-023

                                 :          O P I N I O N
- vs -                                 12/28/2018

                                 :

RICHARD G. SHOWALTER,                             :

    Appellant.                                 :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 000123

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**PIPER, J.**

{¶ 1} Appellant, Richard Showalter, appeals the sentence imposed by the Clermont County Court of Common Pleas after the court revoked his community control.

{¶ 2} Showalter pled guilty to breaking and entering and cocaine possession and was sentenced to community control. Showalter violated the terms of his community control twice, and the trial court continued Showalter's community control sanctions on both

occasions. However, upon Showalter's third violation of community control, the trial court revoked community control and imposed a prison sentence upon him.

{¶ 3} During sentencing, the trial court determined that Showalter was on community control for two fifth-degree felonies and had committed an additional felony offense during that time. The trial court therefore found that Showalter was not subject to R.C. 2929.15(B)(1)(c)(i), which limits a prison sentence to 90 days for a technical violation of community control imposed for a fifth-degree felony. The court then sentenced Showalter to nine months on each count and ordered the sentences to be served consecutively for an aggregate sentence of 18 months. Showalter now appeals his sentence, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) ONLY APPLIES TO DEFENDANTS WHO ARE ON COMMUNITY CONTROL FOR ONE FELONY OF THE FIFTH DEGREE.

{¶ 5} Showalter argues in his assignment of error that the trial court erred in sentencing him to an 18-month sentence.

{¶ 6} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 7} "The appellate court's standard for review is not whether the sentencing court abused its discretion." *Marcum* at ¶ 9. Instead, R.C. 2953.08(G)(2) provides that an appellate court may only increase, reduce, or modify a sentence or may vacate the sentence and remand the matter for resentencing if the court finds by clear and convincing evidence that the record does not support the sentencing court's findings, or that the sentence is

otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b).

{¶ 8} A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 9} Essentially, Showalter contends his sentence is contrary to law because the trial court sentenced him outside the permissible statutory range since R.C. 2929.15(B)(1)(c)(i) limits a sentence to 90 days if the defendant violates the conditions of a community control sanction imposed for a fifth-degree felony. However, the statute specifically provides,

> if the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

{¶ 10} The trial court made two findings regarding the inapplicability of R.C. 2929.15(B)(1)(c)(i) to Showalter. First, the trial court found the statutory provision did not apply to Showalter because he was on community control for two separate offenses, as opposed to a single fifth-degree felony. Second, the statute did not apply to Showalter because his violations of community control included his continued use of cocaine, which constituted a new felony criminal offense.

{¶ 11} Showalter argues the trial court erred with respect to the first finding. However, we need not determine whether the trial court erred in its interpretation of the phrase, "a felony of the fifth degree," as the 90-day exception does not apply to Showalter based on the plain language of the statute. *State v. Walsson*, 12th Dist. Clermont No.

CA2018-02-004, 2018-Ohio-4485.

{¶ 12}   R.C. 2929.15(B)(1)(c)(i) provides that a prison term imposed after revocation of community control may not exceed 90 days if the violation was "for any technical violation" or any "violation of law * * * that consists of a new criminal offense and *that is not a felony* * * *." (Emphasis added.)   Thus, an offender on community control for a fifth-degree felony who engages in conduct constituting a *new* felony offense does not enjoy the benefit of the 90-day prison term limitation.

{¶ 13}   The record clearly indicates that part of Showalter's violations of his community control included his continued use of cocaine.   R.C. 2925.11(C)(4)(a) provides that cocaine possession constitutes a felony.   Thus, Showalter committed a felony while subject to his imposed fifth-degree felony community control sanction.   Therefore, the prison term limitation of R.C. 2929.15(B)(1)(c)(i) is explicitly inapplicable to Showalter and the trial court did not err in imposing two consecutive nine-month sentences.

{¶ 14}   Further, we note that the limitations in sentencing to a prison term as found in R.C. 2929.15(B)(1)(c)(i) is applicable only *if* the violation of community control is for "any technical violation" of the community control sanction.   Here, there was nothing in the record to support an argument the trial court considered Showalter's violation to be a "technical violation."

{¶ 15}   Since Showalter's violation was not a technical violation and additionally because he committed a new felony offense, as determined by the trial court, Showalter's sentence is not clearly and convincingly contrary to law.   Showalter's sole assignment of error is, therefore, overruled.

{¶ 16}   Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.

- 4 -