[Cite as *State v. Shaffer*, 2018-Ohio-5297.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2017-12-064 |
| | : | O P I N I O N |
| - vs - | | 12/28/2018 |
| | : | |
| ANTHONY SHAFFER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 000829


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**RINGLAND, J.**

{¶ 1} Appellant, Anthony Shaffer, appeals from the decision of the Clermont County Court of Common Pleas sentencing him to an 18-month prison term. For the reasons detailed below, we affirm.

{¶ 2} On November 7, 2012, the Clermont County Grand Jury returned a seven-count indictment charging Shaffer with five fifth-degree felonies and two misdemeanors.

Shaffer pled guilty to the five fifth-degree felonies for breaking and entering in violation of R.C. 2911.13(A), and the remaining charges were dismissed. On March 11, 2013, the trial court sentenced him to five years of community control. The sentencing entry included general conditions of supervision and specific sanctions and conditions.

{¶ 3} On April 28, 2017, the probation department filed an affidavit asserting that Shaffer violated the specific conditions for failing to pay the assessed supervision fee and restitution to the victims. Shaffer admitted to these violations and a judgment entry was issued finding a community control violation and continuing the matter for sentencing.

{¶ 4} On October 25, 2017, the probation department filed a supplemental affidavit for community control violation alleging that Shaffer had violated the condition that he "refrain from the consumption or possession of alcohol and/or drugs." Specifically, Shaffer submitted a positive drug screen for methamphetamine and admitted to using the drug.

{¶ 5} A second supplemental affidavit for community control violation was filed on November 28, 2017, alleging another violation of the condition that he "refrain from the consumption or possession of alcohol and/or drugs." Shaffer submitted a positive drug screen for oxycodone and admitted to using Percocet.

{¶ 6} The trial court proceeded to sentencing as to all three affidavits. Prior to imposing a prison sentence, the trial court found: (1) the failure to pay restitution to the victims was not a technical violation and the 90-day prison term limitation in R.C. 2929.15(B)(1)(c)(i) did not apply, and (2) R.C. 2929.15(B)(1)(c)(i) did not apply because Shaffer was on community control for five fifth-degree felonies and the 90-day limitation only applied to defendants on community control for one felony of the fifth degree. Thereafter, the trial court imposed six-month prison terms on all five counts, the first three counts to be served consecutively for a total prison term of 18 months. Shaffer now appeals, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) ONLY APPLIES TO DEFENDANTS WHO ARE ON COMMUNITY CONTROL FOR ONE FELONY OF THE FIFTH DEGREE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN FINDING THAT FAILURE TO PAY RESTITUTION IS NOT A TECHNICAL VIOLATION OF COMMUNITY CONTROL.

{¶ 11} We will address Shaffer's assignments of error together. In his first assignment of error, Shaffer argues the trial court erred by finding that R.C. 2929.15(B)(1)(c)(i) does not apply to defendants who are on community control for multiple fifth-degree felonies. In his second assignment of error, Shaffer argues the trial court erred by finding that the failure to pay restitution is not a technical violation of community control. Though Shaffer raises these two issues on appeal, we find this matter fits squarely within this court's decision in *State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485. As a result, we affirm the trial court's sentencing decision based upon other grounds. Shaffer's two assignments of error are therefore moot.

{¶ 12} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 13} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 14} R.C. 2929.15(B)(1)(c) provides that if a defendant violates the conditions of a community control sanction, the sentencing court may impose a prison term pursuant to R.C. 2929.14 and 2929.15(B)(3). R.C. 2929.15(B)(1)(c) is subject to the following limitations:

> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

> (ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 15} Thus, R.C. 2929.15(B)(1)(c)(i) provides that a prison term imposed for violation of fifth-degree felony community control may not exceed 90 days if the violation was "for any technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony * * *." However, an offender on community control for a fifth-degree felony who engages in conduct constituting a new felony offense does not enjoy the benefit of the 90-day prison term limitation.

{¶ 16} In *Walsson*, 2018-Ohio-4485, this court found that the 90-day limitation did not apply to a defendant who violated the conditions of his community control sanction by using

- 4 -

heroin and cocaine. *Id.* at ¶ 11. The use of heroin and cocaine are felonies pursuant to R.C. 2925.11(C)(4) and (6). *Id.* at ¶ 13. Therefore, the 90-day limitation in R.C. 2925.15(B)(1)(c)(i) was explicitly inapplicable because the defendant committed new felony criminal offenses while under his fifth-degree felony community control sanctions. *Id.*

{¶ 17} As in *Walsson*, Shaffer violated the terms of his community control by using methamphetamine and oxyocodone, which are felonies under R.C. 2925.11. Thus, Shaffer "committed violations of law while under his imposed fifth-degree felony community control sanction that are new felony criminal offenses." *Id.* Therefore, the prison term limitation of R.C. 2925.15(B)(1)(c)(i) is explicitly inapplicable. As Shaffer raises no other issue with respect to his sentence, we find his sentence is not clearly and convincingly contrary to law.

{¶ 18} As a result, we affirm the trial court's sentencing decision based on application of this court's precedent in *Walsson*. Shaffer's two assignments of error are rendered moot.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.