[Cite as *State v. Calhoun*, 2019-Ohio-228.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-17-067

      Appellee                              Trial Court No. 2015CR0355

v.

Delorean Calhoun                           **<u>DECISION AND JUDGMENT</u>**

      Appellee                              Decided:  January 25, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas which sentenced appellant to a nine-month prison term sanction for violation of his

community control sanction.  For the reasons set forth below, this court affirms the

judgment of the trial court.

**{¶ 2}** Appellant set forth one assignment of error:

1. The trial court committed plain error in sentencing appellant to prison in excess of ninety days on a fifth degree felony for a technical violation of his community control, in violation of R.C. 2929.15(B)(1)(c)(i).

## I. Background

**{¶ 1}** The following facts are relevant to this appeal. On January 27, 2017, appellant Delorean Calhoun pled guilty to the offense of forgery, a violation of R.C. 2913.31(A)(3) pursuant to R.C. 2913.31(C)(1)(a). Forgery is a felony of the fifth degree. R.C. 2913.31(C)(1)(b). Appellant fraudulently used credit cards at a Best Buy store in Perrysburg, Wood County, Ohio on August 12, 2015. The trial court accepted his plea and found appellant guilty of the offense.

**{¶ 2}** Thereafter, and following a presentence investigation report and a sentencing hearing, the trial court stated in its sentencing judgment entry journalized on March 21, 2017, it imposed on appellant four years of a community control sanction with 13 terms and conditions and "reserved" a 12-month prison sentence. Specifically, the trial court's entry stated, "The Defendant was again reminded * * * that the Court is reserving twelve (12) months in the Ohio Department of Rehabilitation and Corrections should he violate the terms of his Community Control."

2.

**{¶ 3}** At that time, R.C. 2929.15(A)(1) stated:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to [R.C. 2929.16, 2929.17, or 2929.18]. * * * The duration of all community control sanctions imposed * * * shall not exceed five years. If the offender absconds * * * the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

**{¶ 4}** Appellant's 13 conditions of his community control sanction were nonresidential sanctions pursuant to R.C. 2929.17.

**{¶ 5}** By April 6, 2017, appellant violated at least one condition of his community control sanction, by absconding from reporting to his West Virginia probation officer. On May 1, 2017, appellee petitioned the trial court to revoke appellant's community control sanction and impose a prison sentence.

**{¶ 6}** Prior to the hearing on appellee's petition, the General Assembly revised the statute for community control sanction violations, in part, as follows in italics:

> (1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of

3.

the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer tem under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under [R.C. 2929.16, 2929.17 or 2929.18];

(c) A prison term on the offender pursuant to [R.C. 2929.14] and [R.C. 2929.15(B)(3)], *provided that a prison term imposed under this division is subject to the following limitations, as applicable:*

*(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.*

\* \* \*

(3) The prison term, if any, imposed upon a violator pursuant to [R.C. 2929.15(B)(1)] shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender

at the sentencing hearing pursuant to [R.C. 2929.19(B)(2)]. (Emphasis added.)

R.C. 2929.15(B), effective Sept. 29, 2017.

{¶ 7} On October 6, 2017, the trial court held the hearing on appellee's petition. Appellant admitted to violating his community control sanction and informed the trial court, "I would really like to go to ODRC, take care of my time, and just get rid of the probation." The transcript of the hearing is in the record, and the trial court made the following statement:

Mr. Calhoun, I remember when we did the sentencing, and I went back to the sentencing entry. The Court reviewed 2929.11, 2929.12, but noted that you previously had served prison time and you committed this offense while on community control [from another case]. You had a number of recidivism factors. It's just the fact that * * * you have * * * the qualifications [for] the court to impose prison time on the F-5. The court decided to go with community control. Then right from out of the gate you didn't comply with it. Then even here today you said I'd rather go to prison than comply with it. So based upon all of the statements here today, based upon the sentencing factors under 2929.11, 2929.12, the Court will impose nine months in the Ohio Department of Rehabilitation and Corrections, give you credit for time served. You will serve the remainder of time.

{¶ 8} By judgment entry journalized on October 11, 2017, the trial court accepted appellant's stipulation of violating the terms and conditions of his community control sanction and adjudged him guilty of the same. The trial court's entry stated appellant was no longer amenable to a community control sanction and sentenced him to a nine-month prison term.

{¶ 9} Thereafter, on October 26, 2017, appellant moved the trial court to vacate his sentence for a violation of recently revised R.C. 2929.15(B)(1)(c)(i). Appellant argued that since he only technically violated his community control sanction by failing to report to his West Virginia probation officer, the maximum prison sentence the trial court could impose was 90 days. On November 14, 2017, the trial court vacated the October 11, 2017 sentence and held the hearing on appellant's motion on December 8, 2017. According to the transcript of that hearing, the trial court made the following statement:

> Previously we were here on a probation violation. The probation violation was that defendant had failed to comply with probation. And let me read the corroboration. The probation office was notified by the Interstate Commission for Adult Offender Supervision that the defendant's transfer request was denied. He had * * * asked to transfer to West Virginia. The reason for the denial was that the subject had failed to report at the agreed time, date, [and] location, his phone number no longer worked, and he failed to make contact in any way since the missed

6.

appointment. The subject had already failed to meet requirements. He is not a good candidate for approval for community supervision. His whereabouts were unknown. We went through several machinations, I guess, to get the defendant here. We finally did get him here. And then we had a hearing on the probation violation. There was a stipulation to the PV, if I remember right and as I see it, according to the record here. And then the Court heard evidence in regard to the probation violation. And based upon 2929.11, 2929.12, 13, 14, ordered that the Defendant was no longer amendable to community control and imposed a nine-month sentence. That nine-month sentence was imposed after October 1st when Ohio Revised Code 2929.15 went into effect.

{¶ 10} Appellant argued that the new language of R.C. 2929.15(B)(1)(c)(i) prohibited the trial court from imposing any prison sentence greater than 90 days because his community control sanction violation was only a "technical violation." Over appellant's objections, the trial court disagreed with appellant's view of a "technical violation":

The fact of the matter is that in this case you were placed on probation. There was no cooperation with any probation conditions, there was no completion of any of the probation conditions, and you did not do probation. The Court believes that that is more than a technical violation under 2929.15(B)(1)(c), and that according to the consideration under

7.

2929.11, 2929.12, the Court will impose the nine months that was previously imposed.

{¶ 11} By judgment entry journalized on December 14, 2017, subsequently corrected nunc pro tunc, the trial court accepted appellant's stipulation of violating the terms and conditions of community control and adjudged him guilty of the same. The trial court stated the following in its entry:

> The Court found that although a new felony charge had not been filed against the Defendant, that his absconding from community control and failing to report or participate in any manner was a threat to public safety and would be considered a major violation and not a technical violation.

> Based upon all of its considerations the Court determined that Defendant was subject to the imposition of the reserved prison term and that it was not limited to 90 days. The court further found that a prison term was consistent with the purposes and principles of sentencing under Ohio Revised Code 2929.11 and that Defendant was no longer amenable to community control. This was because Defendant refused to cooperate or communicate with the Adult Probation Department when he failed to report at an agreed date, time and location or participate with authorities in West Virginia where his probation was to be transferred. Defendant noted his objection for the record. * * * IT IS THEREFORE ORDERED,

8.

ADJUDGED AND DECREED that the Court hereby imposes a prison sentence of nine (9) months in the Ohio Department of Rehabilitation and Corrections for the offense of *Forgery, a violation of Ohio Revised Code Sections 2913.31(A)(3) and 2913.31(C)(1)(b), a felony of the fifth degree.* (Emphasis sic.)

## II. Felony Sentence Review

{¶ 12} In support of his assignment of error, appellant argued the trial court's sentence was contrary to law as stated in R.C. 2929.15(B)(1)(c)(i). Appellant argued his failure to report to his probation officer was a "non-reporting violation," and, therefore, a "technical violation" because it was not a new felony offense. Appellant urged us to determine under a plain reading of R.C. 2929.15(B)(1)(c)(i) "an inference that anything other than a new conviction would be a technical violation." Appellant cited to *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512 without explanation. Presumably he sought to argue that a court must not disturb the plain language of an unambiguous statute. *Id.* at ¶ 9. Despite the legislature failing to define "technical violation" in the statute, appellant argued the statute was unambiguous such that the trial court committed plain error when it misapplied the statute to him.

{¶ 13} In response, appellee argued the trial court did not commit plain error. The facts in the case showed appellant absconded, and appellee argued absconding was more than a "technical violation." Appellee argued absconding in the context of violating a community control sanction was similar to absconding in the context of violating a post-

9.

release control sanction, where the Ohio Supreme Court already adopted a definition of a "technical violation." The Ohio Supreme Court ruled "technical violations" of the terms and conditions of a parole agreement were those "which are not criminal in nature, such as failure to report to the parole officer * * *." *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993). Appellee argued appellant went to great lengths to avoid meeting with probation during his community control sanction: 1) he requested transfer to West Virginia, which was convenient to his attending a community college there; 2) he did not appear at the time and place established in West Virginia and could not be reached or located; 3) he refused to return to Wood County unless Wood County Adult Probation sent him a check for transportation; and 4) he evaded Wood County Adult Probation and had to be arrested on a warrant and brought back to Wood County. Appellee urged us to find that appellant's actions to immediately and persistently abscond from his community control sanction requirements were contrary to the substantive rehabilitative requirements of his sentence, were not a "technical violation," and justified his nine-month prison sentence.

{¶ 14} We review a contrary-to-law challenge to a trial court's felony sentencing determination for clear and convincing evidence in the record. R.C. 2953.08(G)(2)(b). If we find clear and convincing evidence the record does not support the sentence, we may increase, reduce, modify or vacate the felony sentence. *State v. Carnicom*, 6th Dist. Wood No. WD-15-077, 2016-Ohio-7290, ¶ 10-11. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm

10.

belief or conviction as to the allegations sought to be established. * * * It does not mean clear and *unequivocal*." (Emphasis sic.) *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶ 15} Appellant was originally sentenced on March 21, 2017, for the crime of forgery, a felony in the fifth degree, and the trial court imposed a four-year community control sanction and "reserved" a 12-month prison term. For a felony in the fifth degree the trial court could impose a prison term within the range from six to 12 months. R.C. 2929.14(A)(5), effective Mar. 21, 2017; *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 4. In the alternative for a felony in the fifth degree, the trial court could impose one or more community control sanctions not to exceed five years. R.C. 2929.15(A)(1), effective Sep. 13, 2016. In addition, R.C. 2929.19(B)(4), effective Sep. 28, 2012, required the trial court to impose a community control sanction on appellant if a community control sanction was not prohibited and if the trial court determined a community control sanction was appropriate. Moreover, R.C. 2929.19(B)(4) required the trial court to notify the offender that a violation of the conditions of the community control sanction could result in one of three sanctions, including a specific prison term within the range of prison terms pursuant to R.C. 2929.14. Generally, the trial court must impose either a prison term or a community control sanction when both are possible sentences for a particular felony offense, absent an express statutory exception. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31. Despite the confusing language used by the trial court to "reserve" a 12-month prison term, it did not

11.

impose a prison term because the trial court instead imposed the four-year community control sanction for appellant's forgery offense, and that sentence was consistent with the sentencing statutes as of March 21, 2017. *Id.* at ¶ 12.

{¶ 16} Our review of the record finds clear and convincing evidence supporting appellant's felony sentence for forgery, and the sentence was not contrary to law. *State v. Davis*, 6th Dist. Lucas No. L-16-1313, 2018-Ohio-2984, ¶ 45-46.

### III. Community Control Sanction Revocation Review

{¶ 17} We review a trial court's decision to revoke a community control sanction for an abuse of discretion. *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. Abuse of discretion connotes the record shows the trial court's decision was unreasonable, arbitrary or unconscionable. *Id*. We will not reverse the trial court's decision to revoke an offender's community control sanction if the record contains substantial evidence of the violation, consisting of more than a mere scintilla of evidence but less than a preponderance of evidence. *Id.*

{¶ 18} On December 14, 2017, the trial court held a great deal of discretion to fashion a sentence after finding appellant violated the conditions of community control pursuant to R.C. 2929.15(B), including a longer period of community control, a more restrictive community control sanction, or a prison term of any length within the range of that available for the original offense "up to the maximum term the trial court specified at the first sentencing hearing." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 13, citing R.C. 2929.15(B) then in effect.

12.

{¶ 19} Appellant's community control sanction for a felony conviction was not a prison term and was not probation. R.C. 2929.01(E), effective Oct. 12, 2016. This court has described probation as a contract for good behavior after a trial court imposed, and then suspended, a sentence for an underlying crime, and the punishment for the breach of that contract was to reimpose the original sentence. *In re B.H.*, 6th Dist. Erie No. E-14-096, 2015-Ohio-2296, ¶ 24. In contrast, a community control sanction was the appropriate sentence for a crime in lieu of a prison term, and the revocation of the community control sanction was within the broad discretion of the trial court, resulting in an appropriate sanction for violating the terms and conditions of the community control sanction, not for the underlying crime. *Id.* at ¶ 21, 24-25. Despite their different origins, community control sanction violations and probation sanction violations can have similar outcomes. *See State v. Cupp*, Slip Opinion No. 2018-Ohio-5211, ¶ 19 ("For decades, prior to what is now referred to as community control, trial courts regularly sentenced defendants to probation, and as a sanction for violating probation, imposed a period of incarceration.").

{¶ 20} The record shows the trial court used the terminology of "community control" and "probation" interchangeably in the context of both the felony sentencing proceedings and the subsequent community control violation proceedings. Nevertheless, when the trial court revoked appellant's community control sanction and imposed a nine-month prison term on December 14, 2017, the prison term imposed was punishment for

13.

appellant violating his community control sanction and not for his original underlying forgery offense.

{¶ 21} To comply with R.C. 2929.19(B)(4) and R.C. 2929.15(B) and impose the nine-month prison term on December 14, 2017, for appellant's community control sanction violation, the trial court must first have provided appellant notice at the felony sentencing hearing of the specific prison term that may be imposed for violating a community control sanction. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus (decided on former R.C. 2929.19(B)(5), now (B)(4) effective Sep. 28, 2012, and on former R.C. 2929.15(B), now (B)(3) effective Sep. 29, 2017). On March 21, 2017, the trial court complied with R.C. 2929.19(B)(4) and R.C. 2929.15(B) when it specifically notified appellant that if he violated the conditions of his community control sanction, the court would impose the "reserved" 12-month prison term. The nine-month prison term ultimately imposed was within the range authorized for a felony in the fifth degree pursuant to R.C. 2929.14(A)(5) as authorized by R.C. 2929.15(B)(3), effective Sep. 29, 2017. *See State v. Mincer*, 6th Dist. Ottawa No. OT-18-005, 2018-Ohio-5199, ¶ 15 (trial court is not required to give findings or reasons for the prison term imposed within the statutory range).

{¶ 22} Nevertheless, appellant argued the trial court committed plain error because it was not authorized by law on December 14, 2017, to impose a prison term beyond 90-days pursuant to R.C. 2929.15(B)(1)(c)(i). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

14.

Crim.R. 52(B). A finding of plain error requires three determinations: (1) an actual error, i.e., a deviation from the legal rule, (2) the error was plain, i.e., an obvious defect in the trial proceedings, and (3) the error must have affected substantial rights. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. The burden is on the party asserting plain error. *Id.* at ¶ 17. "Plain error does not exist unless it can be said that but for the error, the outcome below would clearly have been otherwise." *State v. Jells*, 53 Ohio St.3d 22, 24, 559 N.E.2d 464 (1990), citing *State v. Long*, 53 Ohio St.2d 91, 93, 372 N.E.2d 804 (1978), paragraph two of the syllabus and *State v. Greer*, 39 Ohio St.3d 236, 252, 530 N.E.2d 382 (1988) ("Absent objection, the error will not affect the sentence unless it is clear beyond a reasonable doubt that the result would have been otherwise without the error.").

{¶ 23} Since the September 29, 2017 effective date of R.C. 2929.15(B)(1)(c)(i), we are guided by the mandate that we must apply the amended statute in effect at the time of sentencing, particularly where the punishment for any offense is reduced. *State v. Gillespie*, 6th Dist. Lucas No. L-05-1168, 2006-Ohio-1394, ¶ 11, citing R.C. 1.58(B). We are also mindful that a trial court may only impose a sentence that is provided for by the applicable statute, as written. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶10-12.

{¶ 24} "A question of statutory construction presents an issue of law that appellate courts review de novo." *City of Toledo v. Corr. Comm. of Northwest Ohio*, 2017-Ohio-9149, 103 N.E.3d 209, ¶ 22 (6th Dist.). We review statutory language for plain meaning,

15.

unless there is ambiguity. *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 7. If we find ambiguity, we are directed to determine legislative intent per the non-exhaustive guidance of R.C. 1.49. *Id.* If we find the statutory language is clear and unambiguous, we must apply the statute as written. *Id.* "Strict construction should not override common sense and evident statutory purpose." *State v. Wheeling & Lake Erie Ry. Co.*, 152 Ohio App.3d 24, 2003-Ohio-1420, 786 N.E.2d 504, ¶ 10 (6th Dist.), citing *State v. Sway*, 15 Ohio St.3d 112, 116, 472 N.E.2d 1065 (1984). We construe statutory language to effect a just and reasonable result, and where statutes relate to the same subject matter, as consistent rather than inconsistent. *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 28 (6th Dist.).

{¶ 25} R.C. 2929.15(B)(1)(c)(i) as now written would apply in this case where the record contained substantial evidence of all of the following: (1) a community control sanction imposed for a felony conviction of the fifth degree, (2) a technical violation of the conditions of the community control sanction, (3) a prison term imposed on or after September 29, 2017, for a technical violation, and (4) the prison term exceeding 90 days for the violation. Our first step is to determine if each statutory element is clear and unambiguous and supported by the record. If so, then it will be unnecessary to evaluate any ambiguity.

{¶ 26} We find the record contains substantial evidence of the clear and unambiguous first and fourth elements of R.C. 2929.15(B)(1)(c)(i). For the first element, on March 21, 2017, the trial court imposed on appellant a community control sanction for

16.

his forgery conviction, a felony of the fifth degree. For the fourth element, we find the trial court imposed a nine-month prison term on December 14, 2017, for appellant's violation of his community control sanction.

{¶ 27} We find the second and third elements of R.C. 2929.15(B)(1)(c)(i) as now written require predicate determination of what constitutes a "technical violation" of the community control sanction, an ambiguous phrase. Appellant and appellee differ on whether the facts in this case either meet the intended definition of a "technical violation," as advocated by appellant, or do not meet the intended definition of a "technical violation," as advocated by appellee. If the record in this case lacks substantial evidence of a "technical violation," then R.C. 2929.15(B)(1)(c)(i) does not apply.

{¶ 28} The General Assembly did not define "technical violation" anywhere in the new R.C. 2929.15(B)(1)(c). However, courts of appeals have sought to define "technical violation" for the purposes of R.C. 2929.15(B)(1)(c) using the definition adopted by the Ohio Supreme Court in *Taylor,* 66 Ohio St.3d 121, at 124, 609 N.E.2d 546, for a parole revocation: "not criminal in nature." *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, ¶ 12-16 (use of heroin was not a technical violation); *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, ¶ 38-39 (overdosing on heroin was not a technical violation); *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825, ¶ 6-14 (breaking any law and using alcohol were technical violations); *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001-Ohio-8695, *7-8 (Kentucky conviction for robbery was not a technical violation in Ohio).

17.

{¶ 29} Courts of appeals have also sought to define "technical violation" outside of applying *Taylor* and, instead, for purposes of R.C. 2929.15(B) viewing the nature of the community control sanction violated as either a specifically tailored substantive rehabilitative requirement or merely a general administrative requirement to facilitate supervision during the period of the sanction. *State v. Nelson*, 2d Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763, ¶ 32 (no-contact sanction was a specifically tailored substantive rehabilitative requirement and not a technical violation); *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413, ¶ 11 (failure to complete substance abuse treatment at community based correctional facility was a "special condition of community control" and not a technical violation); *State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310, ¶ 20-23 (failure to follow verbal order of probation officer was a technical violation, but access to pornographic material and possessing firearms or dangerous weapons were not technical violations); *State v. Schuttera*, 5th Dist. Ashland No. 18-COA-007, 2018-Ohio-3305, ¶ 17 (no technical violation implied because no abuse of discretion when trial court applied R.C. 2929.15(B)(1)(c)(ii) and (B)(3)); *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639, ¶ 15 (failure to notify parole officer before moving from residence containing a convicted felon was a technical violation); *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14-15 (failure to complete drug treatment at community based correctional facility was a specifically tailored substantive rehabilitative requirement and not a technical violation); *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-

18.

Ohio-2672, ¶ 17 (failure to complete substance abuse treatment at community based correctional facility was a specifically tailored substantive rehabilitative requirement and not a technical violation); *State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 13 (committing new felonies were not technical violations); *State v. Shaffer*, 12th Dist. Clermont No. CA2017-12-064, 2018-Ohio-5297, ¶ 17 (committing a new felony was not a technical violation); *State v. Showalter*, 12th Dist. Clermont No. CA2018-04-023, 2018-Ohio-5299, ¶ 13-14 (committing a new felony was not a technical violation).

{¶ 30} As stated by the Fifth District Court of Appeals, "The [General Assembly's] choice of the term 'technical' implies it has meaning distinct from 'non-criminal' violations." *Mannah* at ¶ 14. We agree. As stated by the Twelfth District Court of Appeals, and followed by the Second, Fourth and Fifth District Court of Appeals, where "the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct" the violation "cannot be considered a technical violation of community control." *Davis* at ¶ 18; *Nelson* at ¶ 32; *Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, at ¶ 13; *Mannah* at ¶ 13. We also agree. Thus, we find that appellant's non-felony conduct was not dispositive of the intended definition of "technical violation" of R.C. 2929.15(B)(1)(c). We find that common sense and the evident purpose for trial courts to retain broad discretion to both determine revoking a community control sanction and then to fashion an appropriate sanction for that violation lead us to view the General Assembly

19.

did not intend "technical violations" to impede a court's discretion to sanction under the totality of the circumstances to specifically tailor substantive rehabilitative requirements designed to address the offender's conduct.

{¶ 31} In this case appellant did not object to receiving the felony sentence of a community control sanction with 13 terms and conditions. At his March 17, 2017 sentencing hearing, appellant specifically represented to the trial court he wanted to transfer his community control supervision to West Virginia because: (1) he lived in Huntington, West Virginia; (2) he was a full-time student in West Virginia studying electrical engineering and receiving decent grades; (3) he worked for Buckeye Defense in West Virginia selling prepaid legal services door to door; and (4) he had sole custody of two children aged ten and eight. Appellant expressed his concerns that unless his community control supervision was transferred to West Virginia, he would lose his job, lose his college enrollment, and lose custody of his children. Despite significant reservations with appellant's past criminal record and lack of remorse for the current offense, the trial court imposed the four-year community control sanction and specifically tailored a number of conditions to appellant, including maintaining his employment and college enrollment and authorizing the transfer of his community control supervision to West Virginia.

{¶ 32} Thereafter, appellant admitted to absconding from reporting to his probation officer in West Virginia, which was a clear violation of his community control sanction. The record contains the October 8, 2017 sentencing hearing transcript and

20.

reveals how appellant went to significant lengths to elude supervision in West Virginia and to frustrate his appearance before the Wood County Court of Common Pleas. We find absconding applies in this situation where appellant while on a community control sanction willfully failed to report for supervision or otherwise comply with the terms and conditions of his community control sanction. *See In re Townsend*, 51 Ohio St.3d 136, 136-137, 554 N.E.2d 1336 (1990) (interpreting absconds as used in R.C. 2951.07); *see also State v. Mack*, 6th Dist. Lucas No. L-11-1065, 2012-Ohio-2960, ¶ 6. This court previously held that a willful violation of the conditions of a probation sanction was not a technical violation. *State v. Puhl*, 6th Dist. Wood No. WD-96-059, 1997 Ohio App. LEXIS 1770, *5-6 (May 2, 1997).

{¶ 33} We find appellant requested and obtained from the trial court a specifically tailored community control sanction in West Virginia. We find the sanction in West Virginia was special to appellant as a substantive rehabilitative requirement to address significant factors that might reverse appellant's path of criminal conduct, namely to maintain access to a good education, full time lawful employment, and custody of his two minor children. We find appellant willfully absconded from community control supervision in West Virginia, which was not a "technical violation" pursuant to R.C. 2929.15(B)(1)(c)(i). Having found no substantial evidence in the record of a "technical violation" of appellant's community control sanction, we further find the trial court did not commit plain error, did not abuse its discretion, and complied with the statutory

21.

requirements in effect at the time when it imposed a nine-month prison term for violating the terms and conditions of his community control sanction.

{¶ 34} Appellant's sole assignment of error is not well taken.

## IV. Conclusion

{¶ 35} On consideration whereof, we find that substantial justice has been done in this matter and the sentencing judgment of the trial court to be lawful. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____

_____
JUDGE

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

22.