[Cite as *State v. Tackett*, 2019-Ohio-2253.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-18-040

      Appellee                              Trial Court No. 2016-CR-116

v.

Brooke A. Tackett                          **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 7, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Matthew A. Craig, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brooke A. Tackett, appeals from the July 2, 2018 judgment of the

Erie County Court of Common Pleas, where the court revoked her community control

sanction and sentenced her to a total prison term of 22 months.  Finding no error, we

affirm.

## Background

**{¶ 2}** On March 30, 2017, the trial court sentenced appellant to 4 years of community control and to a 22-month suspended prison term for possession of heroin, receiving stolen property, theft, forgery, and complicity to commit theft.

**{¶ 3}** As conditions for her community control, she was to report to her probation officer, obey all laws and ordinances, follow orders of the court and any assigned probation officers, not use drugs, submit to drug/alcohol tests, and obtain and maintain employment.

**{¶ 4}** On May 30, 2018, appellant's probation officer filed with the trial court a probable cause letter, alleging appellant violated her conditions and asserting that her community control sanction should be revoked.

**{¶ 5}** The letter specifically alleged appellant committed seven violations. First, she failed to check in biweekly as directed by her probation officer, and she missed two visits in May 2018. Second, she was charged with identity theft and forgery, although these charges were dismissed in the municipal court to be brought before a grand jury. Third, she was "non-compliant" about drug testing and missed 24 calls and 6 tests. Fourth, she twice tested positive for cocaine and opiates in April and May 2018. Fifth, she failed to comply with a drug testing program. Sixth, she failed to obtain and maintain employment. Seventh, she failed to show proof she searched for employment during May 2018.

**{¶ 6}** A hearing on the letter was held June 25, 2018.  Appellant admitted in open court she violated her community control as alleged.  The following exchanges occurred after the hearing began:

COURT:  Counsel, how do you want to proceed?

[COUNSEL]:  At this time, Your Honor, my client is going to admit to the offenses and proceed to sentencing.

COURT:  Okay.  Thank you.  Ms. Tackett, you understand you have a right to a hearing on the merits today?

[APPELLANT]:  Yes, sir.

COURT:  And you know what that means, ma'am?

[APPELLANT]:  Yes.

COURT:  When the Court—

[APPELLANT]:  She explained it to me.

COURT:  She explained it to you?

[APPELLANT]:  Yes.

COURT:  Your counsel?

[APPELLANT]:  Yes.

COURT:  Okay.  And so you understand at that hearing you would have a right to challenge any evidence brought against you?

[APPELLANT]:  Yes.

COURT: And do you understand at that hearing you would have no burden at all? You don't have to prove that you didn't violate, and the State of Ohio and Probation would have to prove that you did violate.

[APPELLANT]: Yes.

COURT: Do you understand that?

[APPELLANT]: Yes.

{¶ 7} The trial court afterward explained that such admission could lead to revocation of appellant's community control sanction, and she confirmed she understood.

{¶ 8} The trial court accepted her admission. Appellant's counsel then argued the basis for one violation was the felony charges, which had been dismissed from the municipal court at that time. Counsel argued that as a result of the dismissal appellant could not be sentenced to more than 90 days in prison pursuant to R.C. 2929.15(B)(1)(c)(i).

{¶ 9} The trial court acknowledged the statute was "new law" for which there was not much case law established, but nonetheless revoked appellant's community control and imposed the 22 months it had previously suspended.

{¶ 10} The judgment entry was journalized on July 2, 2018. Appellant timely appeals.

4.

## Assignment of Error

{¶ 11} Appellant sets forth the following assigned error:

THE TWENTY-TWO-MONTH PRISON SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW AND CONSTITUTES REVERSIBLE ERROR BECAUSE IT EXCEEDS THE NINETY-DAY LIMITATION SET FORTH IN OHIO REVISED CODE 2929.15(B)(1)(c)(i).

## Assignment of Error

{¶ 12} In her sole assigned error, appellant argues R.C. 2929.15(B)(1)(c)(i) mandates she be sentenced to no more than 90 days in prison because her community control was revoked due to technical violations. Appellee asserts appellant committed non-technical violations.

{¶ 13} We review a trial court's decision to revoke a community control sanction for an abuse of discretion. *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. Abuse of discretion connotes the record shows the trial court's decision was unreasonable, arbitrary or unconscionable. *Id.* We will not reverse the trial court if the record contains substantial evidence of the violation, consisting of more than a mere scintilla of evidence but less than a preponderance of evidence. *Id.*

{¶ 14} R.C. 2929.15(B)(1)(c)(i) states, in pertinent part, as follows:

If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may impose upon the

violator * * * A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following * * *: (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

{¶ 15} "Our first step is to determine if each statutory element is clear and unambiguous and supported by the record." *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 25. The elements are: "(1) a community control sanction imposed for a felony conviction of the fifth degree, (2) a technical violation of the conditions of the community control sanction, (3) a prison term imposed on or after September 29, 2017, for a technical violation, and (4) the prison term exceeding 90 days for the violation." *Id.*

{¶ 16} The General Assembly's choice of the term "technical" implies it has meaning distinct from noncriminal violations. (Quotations omitted.) *Calhoun* at ¶ 30, citing *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14. "[W]here the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct the violation

cannot be considered a technical violation of community control." (Citations and quotations omitted.) *Id.*

{¶ 17} As an example of what constitutes a non-technical violation, we look to our recent decision in *Calhoun*. Delorean Calhoun specifically argued the court below committed error by imposing a sentence beyond 90 days because R.C. 2929.15(B)(1)(c)(i) applied. We disagreed and affirmed the nine-month sentence. *Id.* at ¶ 33.

{¶ 18} Specifically, Calhoun "admitted to absconding from reporting to his probation officer in West Virginia, which was a clear violation of his community control sanction." *Id.* at ¶ 32. We described "absconding" as a failure "to report for supervision or otherwise comply with the terms and conditions of [a] community control sanction." *Id.* We held willfully absconding from community control supervision was a non-technical violation under R.C. 2929.15(B)(1)(c)(i). *Id.* at ¶ 33.

{¶ 19} Here we are also guided by the mandate that the amended statute in effect at the time of sentencing as articulated in *Calhoun* applies. *Id.* at ¶ 23, citing *State v. Gillespie*, 6th Dist. Lucas No. L-05-1168, 2006-Ohio-1394, ¶ 11 and R.C. 1.58(B). As a result and on the authority of *Calhoun*, we hold appellant committed non-technical violations for which her previously suspended sentence can be re-imposed.

{¶ 20} Review of the May 30, 2018 probable cause letter and June 25, 2018 hearing transcript reveals appellant admitted in open court to absconding from reporting to her probation officer, being charged with two new felonies, missing numerous drug

7.

tests/calls, testing positive for cocaine and illicit prescription pills on two separate occasions, and failing to diligently search for and maintain verifiable employment.

{¶ 21} We find these violations are not technical violations because they are not merely general administrative requirements to facilitate supervision during the period of the community control sanction. *Id*. at ¶ 29. Rather, we find they are either criminal in nature or specifically tailored substantive rehabilitative requirements. *Id*. at ¶ 28-29.

{¶ 22} Accordingly, appellant's sole assignment of error is not well-taken.

**Conclusion**

{¶ 23} The July 2, 2018 judgment of the Erie County Court of Common Pleas is affirmed. The stay of sentence ordered November 11, 2018, is terminated. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Arlene Singer, J.                    _____
                                                    JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.            _____
CONCUR.                                        JUDGE

                                                    _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.