[Cite as *State v. Hope*, 2019-Ohio-3023.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-080

    Appellee                                     Trial Court No. 2013CR0399

v.

Dylan A. Hope                                    **DECISION AND JUDGMENT**

    Appellant                                    Decided:  July 26, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Dylan Hope, appeals the judgment of the Wood County Court of

Common Pleas, sentencing him to 16 months in prison after he admitted to violating the

terms of his community control.  Because we find that appellant's violations were

nontechnical in nature, we conclude that the trial court did not commit reversible error in ordering appellant to serve a prison sentence in excess of 180 days under R.C. 2929.15(B)(1)(c)(ii).

## A. Facts and Procedural Background

{¶ 2} On August 22, 2013, appellant was indicted on one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. Appellant initially pled not guilty to the offense.

{¶ 3} On October 9, 2013, appellant filed a request for intervention in lieu of conviction under R.C. 2951.041, in which he asserted that he had an ongoing drug addiction that contributed to the theft offense. Three months later, on January 31, 2014, appellant came before the trial court for a plea hearing at which he tendered a guilty plea to the sole count contained in the indictment. The guilty plea was accepted by the trial court, and appellant was found to be eligible for intervention in lieu of conviction. Consequently, the trial court placed appellant in the intervention in lieu of conviction program under the supervision of the Wood County Probation Department for a period of one year, ordering him to comply with certain terms and conditions of the program. Further criminal proceedings were stayed by the trial court pending appellant's completion of the intervention in lieu of conviction program.

{¶ 4} On October 24, 2014, the state filed a "petition for intervention in lieu of conviction violation" with the trial court, notifying the court that appellant had violated the terms and conditions of the program by failing to appear for his August, September, and October 2014 appointments with his probation officer. A hearing on the state's

2.

petition was held on January 13, 2015. At the hearing, appellant stipulated to the program violation, at which point the trial court set the matter for sentencing on the underlying theft offense and ordered the preparation of a presentence investigation report.

{¶ 5} Appellant appeared for sentencing on April 23, 2015. At sentencing, the trial court placed appellant on community control for a period of three years, and reserved a prison sentence of 18 months in the event appellant violated the terms and conditions of his community control.

{¶ 6} On July 9, 2015, the state filed a petition for revocation of community control, asserting that appellant had violated the terms of his community control by failing to complete a substance abuse assessment, failure to start the Thinking for a Change Program, failure to earn a GED, and failure to pay restitution. An addendum to the petition was later filed to include an additional violation based upon appellant's failure to report to probation. Appellant subsequently admitted to the violations, and was continued on community control. Appellant would ultimately admit to violating the terms of his community control on four additional occasions. The trial court continued appellant's community control following the second, third, and fourth violations.

{¶ 7} Appellant's second violation of the terms of his community control stemmed from appellant testing positive for marijuana and failing to pay restitution. The third violation came about as a result of appellant again testing positive for marijuana. The fourth violation pertained to appellant's continued failure to pay restitution. Appellant's community control was extended for an additional two years as a consequence of his fourth violation.

3.

**{¶ 8}** Finally, on September 28, 2018, appellant admitted to having violated the terms of his community control by failing to report to probation and testing positive for marijuana. The trial court accepted appellant's stipulation, and continued the matter for disposition.

**{¶ 9}** A disposition hearing was held on November 2, 2018. At the hearing, the trial court reviewed appellant's community control violations and determined that appellant was no longer amenable to community control. Specifically, the trial court stated:

> You started out with intervention in lieu in January of 2014. Then there was a violation in November of that year. And then since you've been on probation there have been now, I think, seven or eight different violations of community control. And each time we've tried to give something new, something else to help you out. And at some point there has to be an imposition of the ultimate penalty that's going to be imposed and reserved. And I think that's come now.

**{¶ 10}** The court went on to impose a 16-month prison sentence over the objection of appellant's counsel, who argued that the sentence was limited to a maximum of 180 days under R.C. 2929.15(B)(1)(c)(ii) because appellant's violation was merely a technical violation. In its sentencing entry, the trial court addressed appellant's objection, stating:

> The Court also considered R.C. 2929.15 * * *, because this matter resulted from a community control violation of a felony of the fourth

4.

degree. In determining that a prison sentence in excess of 180 days was appropriate under this particular consideration, the Court considered the Defendant's current community control violation along with his entire history of community control violations.

* * *

Based upon all of these circumstances the Court found that Defendant is no longer amenable to probation and is not willing to comply with probation in any meaningful way. The Court found a prison sentence of more than 180 days was appropriate as [Defendant's] failure to comply with probation is a major, not a technical, violation.

{¶ 11} Following the trial court's imposition of sentence, appellant filed a timely notice of appeal.

## B. Assignment of Error

{¶ 12} On appeal, appellant asserts the following assignment of error for our review:

It is plain error for the trial court to sentence Appellant to prison exceeding one hundred eighty days on a felony of the fourth degree for a technical violation of community control in violation of ORC 2929.15(B)(1)(c)(ii).

## II. Analysis

{¶ 13} In his sole assignment of error, appellant argues that the trial court erred under R.C. 2929.15(B)(1)(c)(ii) when it sentenced him to a prison term in excess of 180 days.

{¶ 14} We review a trial court's decision to revoke a community control sanction for an abuse of discretion. *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. Abuse of discretion connotes the record shows the trial court's decision was unreasonable, arbitrary or unconscionable. *Id.* We will not reverse the trial court's decision to revoke an offender's community control sanction if the record contains substantial evidence of the violation, consisting of more than a mere scintilla of evidence but less than a preponderance of evidence. *Id.*

{¶ 15} Under R.C. 2929.15(B)(1)(c)(ii),

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 16} In the case sub judice, appellant argues that his failure to report to his probation officer and testing positive for marijuana constituted technical violations of the conditions of his community control sanction and, thus, he should not have been

6.

sentenced to any more than 180 days in prison. According to appellant, his community control violations were technical violations because he was not convicted of any new felony offenses for the violations at issue.

{¶ 17} Notably, appellant's brief to this court was filed on January 7, 2019. Thereafter, on January 25, 2019, we issued our decision in *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228. In *Calhoun*, we rejected appellant's narrow interpretation of "technical violation" and stated that the determination of whether a violation is technical in nature depends upon whether the condition violated was "a specifically tailored substantive rehabilitative requirement or merely a general administrative requirement to facilitate supervision during the period of the sanction." *Id.* at ¶ 29. We went on to state that the term "technical" is distinct from the term "noncriminal." *Id.* at ¶ 30, citing *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14. On April 18, 2019, we released another decision dealing with the technical/nontechnical distinction under R.C. 2929.15(B)(1)(c)(ii), in which we rejected the same argument raised by appellant in this case. *State v. Graham*, 6th Dist. Wood No. WD-18-021, 2019-Ohio-1485, ¶ 17.

{¶ 18} Consistent with our prior rejections of the argument that a violation must constitute a new felony offense in order to be deemed nontechnical, we find appellant's reliance upon the noncriminal nature of his violations to be unavailing. Further, we find that appellant's positive drug screen constituted a nontechnical violation of a specifically tailored substantive rehabilitative requirement in light of the specific facts of this case.

7.

**{¶ 19}** As noted in our recitation of the facts, appellant pursued intervention in lieu of conviction based upon his acknowledgement that he had an ongoing drug addiction that contributed to his theft offense. Armed with this information, the trial court imposed community control that included the requirement that appellant provide clean drug screens. Given the fact that appellant's criminal conduct admittedly stemmed from his drug abuse issues, we find that the drug screen condition is rehabilitative in nature.

**{¶ 20}** We are guided in this finding by other courts who have found that failure to complete a substance abuse program constitutes a nontechnical violation. *See State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413, ¶ 11 (failure to complete substance abuse treatment at community based correctional facility was a "special condition of community control" and not a technical violation); *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14-15 (failure to complete drug treatment at community based correctional facility was a specifically tailored substantive rehabilitative requirement and not a technical violation); *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17 (failure to complete substance abuse treatment at community based correctional facility was a specifically tailored substantive rehabilitative requirement and not a technical violation).

**{¶ 21}** Completion of a substance abuse program is a condition designed to rehabilitate a defendant with substance abuse addiction issues. Likewise, in this case, the requirement to submit clean drug screens was designed to ensure that appellant was not under the influence of the substances that he claimed led him to engage in criminal activity. We recognize that the violation of a drug screen condition like that imposed in

8.

this case will not always constitute a nontechnical violation, because such conditions are oftentimes imposed out of administrative convenience. However, where the defendant's substance abuse issues are intricately linked with his criminal conduct, a drug screen condition serves to rehabilitate the offender from the underlying condition that precipitated the criminal conduct. Because that is the case here, we find that appellant's violations were nontechnical in nature and, thus, the trial court was not limited in its sentencing options to a maximum of 180 days under R.C. 2929.15(B)(1)(c).

{¶ 22} Accordingly, appellant's sole assignment of error is well-taken.

### III. Conclusion

{¶ 23} In light of the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                              JUDGE
Arlene Singer, J.                    

                                            _____
Gene A. Zmuda, J.                    JUDGE
CONCUR.

                                            _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.