[Cite as *State v. Goetz*, 2019-Ohio-5424.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                              Court of Appeals Nos. OT-19-013
                                                                                          OT-19-014
        Appellee
                                                                      Trial Court Nos.  17-CR-195
v.                                                                                        18-CR-004

Kyle Goetz                                                **DECISION AND JUDGMENT**

        Appellant                                 Decided:  December 31, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Mary M. Bollinger, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} In this consolidated appeal, appellant, Kyle A. Goetz, appeals the judgment of the Ottawa County Court of Common Pleas sentencing him to 28 months in prison after admitting to violating the terms of his community control.  We affirm the judgment of the trial court.

## I.  Background

{¶ 2} On November 30, 2017, appellant was indicted by grand jury on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), a fifth-degree felony, and one count of possession of drug abuse instruments in violation of R.C. 2925.12(A)(C), a first-degree misdemeanor.  The November 30, 2017 indictment was assigned Ottawa County Court of Common Pleas case No. 17-CR-195.  Appellant was arraigned on December 4, 2017, and entered a not guilty plea to both counts.  That same day, appellant was released on his own recognizance, pursuant to R.C. 2937.29 with the condition he report to the Ottawa County Probation Department for drug testing both before his release and after as required by the department.  The trial court's order on bail stated appellant "must test negative for all substances prior to release."  Additionally, the trial court's order stated any positive drug tests would result in the revocation of bail and appellant's immediate incarceration.

{¶ 3} On January 3, 2018, the state filed a "Complaint of Bond Violation" requesting the trial court revoke appellant's bail.  As the basis for revocation, the state alleged appellant admitted to the use of cocaine and brought previously-dispensed urine to his mandatory drug test in a device designed to provide a clean sample.  The trial court conducted a bond revocation hearing and pretrial on January 8, 2018.  There, the trial court established a trial date and entered an order addressing various procedural issues in advance of trial.  The record does not include a specific finding as to the requested bail

2.

revocation. However, the trial court entered an order permitting appellant's release on personal recognizance under the same conditions as the December 4, 2017 entry.

{¶ 4} Appellant was subsequently indicted on January 10, 2018, on one count of tampering with evidence in violation of R.C. 2921.12(A)(2)(B), a third-degree felony, and one count of possession of criminal tools in violation of R.C. 2923.24(A)(C), a fifth-degree felony. The conduct underlying this indictment was appellant's attempted tampering with the January 3, 2018 drug test. The January 10, 2018 indictment was assigned Ottawa County Court of Common Pleas case No. 18-CR-004. Appellant was arraigned on January 12, 2018, and entered a not guilty plea. He was held without bond pending trial.

{¶ 5} On February 14, 2018, appellant appeared before the trial court at a consolidated pretrial hearing. At that hearing, the state moved to dismiss Count 2 in both cases and amend Count 1 in case No. 18-CR-004 to attempted tampering with evidence in violation of R.C. 2923.02(A), a fourth-degree felony. The trial court granted the state's motions. Appellant then entered a guilty plea to Count 1, aggravated possession of drugs, in case No. 17-CR-195 and the amended Count 1, attempted tampering with evidence, in case No. 18-CR-004. The trial court accepted appellant's guilty pleas and set the matter for sentencing.

{¶ 6} At the March 29, 2018 sentencing, the trial court imposed three years of community control. The trial court advised appellant it was reserving an 11-month prison sentence for the conviction on Count 1 in case No. 17-CR-195 and a 17-month prison

3.

sentence for the conviction on Count 1 in case No. 18-CR-004.[1]  The trial court also advised appellant that upon a violation of the conditions of community control, the sentences would be imposed and would be served consecutively for an aggregate prison term of 28 months.

{¶ 7} The community control conditions required appellant to serve 30 days in the Ottawa County Detention Facility, the timing of which was at the discretion of the probation department to permit appellant to satisfy any ongoing program requirements, and 180 days at the WORTH Community Based Correctional Facility.  While at WORTH, appellant was required to refrain from the use of any controlled substances and to participate and complete all recommended counseling and programming.

{¶ 8} Upon successful completion of any programming recommended by WORTH counselors, appellant was also required to participate in and successfully complete the DATA (Ottawa County drug court) program and, if recommended by WORTH counselors, the court's mental health program.  Appellant was also ordered to

---

[1] In its sentencing entry the trial court informed appellant it was "suspending" the prison sentences.  Under the current sentencing rubric, a trial court imposing a term of community control may only notify a defendant of the prison sentence to be imposed upon a violation of the conditions of community control.  Any prison term announced in conjunction with the imposition of community control sanction is therefore reserved rather than suspended.  Appellant did not raise this issue as error on appeal.  The error was rendered moot when we stayed the appeal on April 26, 2019, and remanded this matter to the trial court to impose a new prison sentence, not the previously "suspended" sentence, in accordance with *State v. Lawrence*, 3d Dist. Seneca No 13-01-01, 2001 WL 504245 (May 14, 2001).  The trial court's new sentencing entry was journalized on May 13, 2019.  We reinstated the appeal on June 5, 2019.

4.

comply with the residency and program requirements at Light House Sober Living following his completion of any recommended WORTH programs as well as any other treatment recommendations from the county probation department.

{¶ 9} Appellant successfully completed the WORTH programming and entered the county DATA program. On November 29, 2018, the trial court found appellant was in violation of the rules and requirements of the DATA program and terminated his participation.[2] The next day, the probation department filed a "Motion and Complaint of Community Control Violation." The complaint alleged two violations of the community control sanctions. First, the state alleged appellant had tested positive for cocaine metabolites and admitted to the use of cocaine on November 16, 2018. Second, the state alleged appellant violated the terms of his community control sanction as a result of his termination from the DATA program. At a hearing on December 28, 2018, appellant admitted to both violations alleged in the probation department's complaint. He was ordered incarcerated pending disposition on his community control violations.

{¶ 10} On February 14, 2019, the trial court again released appellant on his own recognizance on the condition he immediately report to and enroll in programming at the Stella Maris Treatment Facility in Cleveland, Ohio. Appellant failed to abide by these

---

[2] The record does not include the basis on which the trial court made this determination. However, appellant's subsequent admission to the positive cocaine test, use of cocaine, and removal from the DATA program as violations of his community control renders this omission moot as to our resolution of this appeal.

5.

terms resulting in the trial court granting the state's March 4, 2019 motion for bond revocation.

{¶ 11} Appellant appeared before the court on April 1, 2019, for disposition of his previously admitted community control violations. There, the trial court relied on the bond revocation and appellant's refusal to provide a urine sample as evidence to find appellant was no longer amenable to community control.[3] The trial court also determined appellant's violations were of substantive rehabilitative community control conditions which were intended to address appellant's drug use, a significant factor contributing to his criminal conduct. As a result, the trial court revoked appellant's community control sanction and imposed the previously reserved 28-month aggregate prison sentence. Appellant timely appealed each individual prison term from the trial court's judgment entry. The appeals were consolidated and appellant asserts the following assignment of error for our review:

> The court erred in sentencing defendant to a term of incarceration, contrary to the provisions of Ohio Revised Code section 2929.15(B)(1)(c)(i) & (ii).

---

[3] The only issue on appeal are the sentences imposed for appellant's admitted community control violations. Appellant's suggestion the bond revocation was considered in determining the sentence on his community control violations is not supported by the trial court's statements at sentencing.

6.

## II. Law and Analysis

{¶ 12} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. *State v. Moore*, 12th Dist. Butler No. CA2007-03-060, 2008-Ohio-1477, ¶ 12, citing *State v. Costlow*, 8th Dist. Cuyahoga No. 89501, 2008-Ohio-1097, ¶ 15.

{¶ 13} Appellant argues that his sentence is contrary to law in that it exceeds the limits established in R.C. 2929.15(B) for technical violations of community control sanctions. R.C. 2929.15(B) states:

> (B)(1) If the conditions of a community control sanction are violated
> or if the offender violates a law or leaves the state without the permission of
> the court or the offender's probation officer, the sentencing court may
> impose upon the violator one or more of the following penalties:
>
> * * *

7.

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

Appellant argues that his admitted violations of the conditions of his community control were technical in nature. For that reason, he argues, the trial court's imposition of an 11-month prison term for his fifth-degree felony conviction and a 17-month prison term for

8.

his fourth-degree felony conviction are contrary to the limits established by R.C. 2929.15(B)(1)(c)(i) and 2929.15(B)(1)(c)(2), respectively.

{¶ 14} Appellant argues his unsuccessful termination from the DATA program was "arguably a technical violation[.]  It did not constitute a new crime, and can be equated with failure to report to the probation officer."  He also argues that his admitted drug use was a technical violation because he "was not charged with any new felonies."  Essentially, appellant argues that because his violations did not result in new criminal charges that his violations must be technical.  We previously rejected this same argument.

{¶ 15} In *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, we held that the determination of whether a community control violation is technical in nature depends on whether the condition violated was "a specifically tailored substantive rehabilitative requirement or merely a general administrative requirement to facilitate supervision during the period of the sanction," the former constituting a nontechnical violation.  *Id.* at ¶ 30.  We explicitly concluded that the term "technical" is distinct from "non-criminal" and that a violation can be nontechnical even where subsequent criminal charges are not filed.  *Id.*  We have since relied on *Calhoun* to find a defendant's failure to abide by drug testing and drug treatment conditions of community control are nontechnical violations despite the lack of additional criminal charges.  *See State v. Tackett*, 6th Dist. Erie No. E-18-040, 2019-Ohio-2253 (defendant's failure to report to probation, abide by all laws and ordinances, appear for and pass drug tests, and seek and maintain employment violated substantive rehabilitative requirements and were

nontechnical in nature); *State v. Hope,* 6th Dist. Wood No. WD-18-080, 2019-Ohio-3023 (defendant's failure appear for and pass drug tests violated substantive rehabilitative requirements and were nontechnical violations). We reach the same conclusion here.

{¶ 16} Appellant was convicted of aggravated possession of drugs and attempted tampering with evidence related to his required drug testing while out on bail. Following appellant's guilty plea, the trial court imposed three years of community control. The conditions of appellant's community control required him to complete a drug treatment program at the WORTH Community Based Correctional Facility, to reside at Light House Sober Living and abide by its program requirements following completion of WORTH programming, and to enroll in and successfully complete all requirements of the DATA program. Given that appellant's convictions were for offenses related to the possession of drugs and his attempt to conceal his use of drugs, the trial court determined appellant's violations were "of substantive rehabilitative requirement[s] to address a significant factor contributing to the Defendant's criminal conduct."

{¶ 17} We find no basis on which to conclude the violated conditions were merely general administrative requirements to facilitate supervision or that the trial court erred in determining otherwise. Appellant was convicted of possession of drugs and tampering with evidence in an effort to conceal his drug use. The violated conditions of his community control were rehabilitative in that they addressed his ongoing drug use. They were not general requirements to facilitate supervision over appellant. The violation of substantive rehabilitative conditions of his community control constitutes a nontechnical

10.

violation regardless of whether the violations resulted in independent criminal charges. *Calhoun* at ¶ 30. Since appellant's violations were nontechnical, the trial court's sentence is not subject to the limits established in R.C. 2929.15(B)(1)(c)(i) or 2929.15(B)(1)(c)(ii) and, therefore, not contrary to law.

{¶ 18} We note appellant's citation to *State v. Stanko*, 8th Dist. Cuyahoga No. 106886, 2019-Ohio-152 as a similar case which should result in reversal of his sentence is unpersuasive as it does not address whether that defendant's violations were of a substantive, rehabilitative condition of community control. Further, *Stanko* is not controlling on this court and has no legal consequence in this district.

{¶ 19} Accordingly, appellant has failed to satisfy his burden to identify any clear and convincing evidence that his sentence was contrary to law. Therefore, appellant's sole assignment of error is denied.

### III. Conclusion

{¶ 20} We find appellant's assignment of error not well-taken. We affirm the judgment of the Ottawa County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
                                                              JUDGE

Arlene Singer, J. _____

                                                         _____
Gene A. Zmuda, J. _____                                     JUDGE
CONCUR.

                                                              _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.