[Cite as *State v. Whitacker*, 2020-Ohio-4249.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals Nos. WD-19-038
                                                                               WD-19-039
       Appellee                                              WD-19-040

v.                                                Trial Court Nos. 2016CR0004
                                                                           2016CR0129
Jesse Whitacker                                                       2016CR0459

       Appellant                          **DECISION AND JUDGMENT**

                                                  Decided:  August 28, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, Jesse Whitacker appeals the June 24, 2019

judgment of the Wood County Court of Common Pleas sentencing him to an aggregate

prison term of three years.  For the following reasons, we affirm the judgment of the trial

court.

## I. Background

{¶ 2} This consolidated appeal involves three separate cases from the Wood County Court of Common Pleas: (1) case No. 2016CR004, in which Whitacker was charged with one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1), a felony of the fifth degree; (2) case No. 2016CR129, in which Whitacker was charged with aggravated possession of drugs in violation of R.C. 2925.11(A)(6)(a), a felony of the fifth degree; and (3) case No. 2016CR0459, in which Whitacker was charged with trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(a), a felony of the fifth degree.

{¶ 3} Whitacker initially entered a not guilty plea to each charge. On December 16, 2016, following plea negotiations with the state, Whitacker appeared for a combined change of plea hearing and agreed to enter a guilty plea in each case. The trial court accepted Whitacker's guilty pleas, advised him of Crim.R. 11 rights, and ordered him to participate in a presentence investigation.

{¶ 4} On February 6, 2017, the trial court sentenced Whitacker to three years of community control, with 15 separate conditions. Additionally, in case No. 2016CR004, the trial court ordered Whitacker to enter into and complete the SEARCH substance abuse treatment program at the Northwest Community Corrections Center as a condition of community control. The trial court informed Whitaker that if he violated the conditions of his community control, the trial court would impose 12-month prison sentences for each conviction, and order the prison sentences to be served consecutively.

2.

{¶ 5} Although Whitacker successfully completed the SEARCH Program, he violated other conditions of his community control. On January 5, 2018, the state filed a petition to revoke Whitacker's community control because Whitacker was arrested for operating a vehicle while intoxicated and tested positive for cocaine and fentanyl. On February 5, 2018, Whitacker admitted these allegations, and the trial court found that he had violated the terms of his community control. As a sanction, the trial court extended Whitacker's term of community control by an additional year. The trial court also ordered Whitacker to continue to abide by all conditions originally imposed.

{¶ 6} On June 5, 2018, the state filed a second petition for revocation of community control. The state alleged that Whitacker failed a scheduled drug test by testing positive for suboxone and fentanyl. Whitacker again admitted to the violations. Whitacker was ordered to continue on community control under the same conditions as originally imposed. In addition, with respect to case No. 2016CR0129, the trial court ordered Whitacker to re-enter and complete the SEARCH program at the Northwest Community Corrections Center.

{¶ 7} On January 9, 2019, the state filed a third petition for revocation of community control. The state alleged Whitacker failed a scheduled dug test by testing positive for fentanyl. Whitacker admitted to the violation at a January 14, 2019 hearing. The trial court found that Whitacker had violated the conditions of his community control and set the matter for disposition on April 15, 2019.

3.

{¶ 8} On April 2, 2019, prior to disposition, the state filed a fourth petition for revocation of community control. The state alleged that Whitacker failed to report to the probation department as required by the terms of his community control. As a result of this petition, Whitacker appeared for a bond revocation hearing on April 8, 2019. At that time, he underwent a drug screening and tested positive for suboxone and fentanyl. The state filed an "addendum" to its April 2, 2019 petition—a fifth petition to revoke community control—adding the most-recent positive drug screening as an additional reason to revoke Whitacker's community control.

{¶ 9} At his April 15, 2019 sentencing, Whitacker admitted to the violations identified in the April 2, 2019 petition and the April 8, 2019 addendum. The trial court accepted Whitacker's admission and proceeded with sentencing. The trial court determined that Whitacker was no longer amenable to community control and imposed a one-year prison term on each of Whitacker's convictions. The trial court ordered the sentences to be served consecutively for a total aggregate prison term of three years. Whitacker timely appealed and asserts the following error for our review:

> 1. It is plain error and an abuse of discretion for the trial court to sentence Appellant to prison exceeding ninety days on a felony of the fifth degree for a technical violation of ORC 2929.15(B)(1)(c)(i).

## II. Law and Analysis

{¶ 10} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate

4.

and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2).

{¶ 11} Here, Whitacker argues that his felony sentences are contrary to law because they violate R.C. 2929.15(B), which provides:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal

offense and that is not a felony, the prison term shall not exceed ninety days.

{¶ 12} Accordingly, a prison term imposed following a technical violation of the conditions of community control is contrary to law if it exceeds the applicable time limits established in R.C. 2929.15(B)(1)(c). See *State v. Goetz*, 6th Dist. No. Ottawa Nos. OT-19-013, OT-19-014, 2019-Ohio-5424, ¶ 17. Here, it is Whitacker's burden to demonstrate, by clear and convincing evidence, that his violations were technical in nature—and, therefore, that the trial court erred by imposing a prison sentence that exceeded the applicable 90-day limit established in R.C. 2929.15(B). *State v. Moore*, 12th Dist. Butler No. CA2007-03-060, 2008-Ohio-1477, ¶ 12, citing *State v. Costlow*, 8th Dist. Cuyahoga No. 89501, 2008-Ohio-1097, ¶ 15.

{¶ 13} The Supreme Court of Ohio recently held that a "violation is 'nontechnical' if, considering the totality of the circumstances, the violation concerns a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *State v. Nelson*, Slip Opinion No. 2020-Ohio-3690, ¶ 26, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17, 18; *see also State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 30 (a violation is nontechnical if the condition violated "a specifically tailored substantive rehabilitative requirement" as opposed to "a general administrative requirement to facilitate supervision during the

6.

period of the sanction.") In addition, a trial court "may find a violation to be more serious—and therefore nontechnical— based in part on the *manner* in which the violation occurred; it is not constrained to reviewing only the nature of the condition itself." *Id.* at ¶ 23 (emphasis sic). "[T]he statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated as well as any other relevant circumstances in the case." *Id.* at ¶ 26. "There is no single factor that determine[s] whether a violation is technical or nontechnical." *Id.*

{¶ 14} Whitacker argues that his most-recent violations—i.e., his admitted use of illegal drugs—were technical in nature because the requirement that he refrain from using drugs was a general administrative condition of his community control rather than a specifically tailored substantive rehabilitative requirement. Whitacker also argues that his violations were technical because they did not result in new felony charges. We disagree for several reasons.

{¶ 15} First, Whitacker was convicted of two counts of drug possession and one count of drug trafficking. Given that his convictions were for drug-related offenses, we find that the community control conditions that prohibited drug use were substantive rehabilitative requirements rather than general administrative requirements to facilitate his supervision. *See State v. Hope*, 6th Dist. Wood No. WD-18-080, 2019-Ohio-3023 (holding a defendant's failure to appear for and pass drug tests violated substantive rehabilitative requirements and were nontechnical violations). Accordingly, when he

7.

tested positive for drugs, he violated substantive rehabilitative requirements of his community control. The trial court therefore did not err when it determined that Whitacker's violations were nontechnical.

{¶ 16} Second, at sentencing, the trial court recounted Whitacker's history of repeated community control violations. The trial court also noted that while Whitacker had some success in drug treatment programming, he nevertheless continued to use drugs in violation of his community control conditions. In accordance with *Nelson*, the trial court engaged in a practical assessment of the case before it, and considered the manner in which Whitacker's violations had occurred. We find that Whitacker's repeated violations, particularly in light of the nature of his convictions, supports the trial court's conclusion that the violations were nontechnical. *Nelson* at ¶ 26.

{¶ 17} Finally, contrary to Whitacker's argument, it is immaterial that his violations did not constitute new felonies. "The determination whether a violation is a 'technical violation' under R.C. 2929.15(B)(1)(c) does not turn on whether the conduct at issue is criminal." *Nelson* at ¶ 26. In *Nelson*, the Supreme Court of Ohio explicitly rejected the proposition that all noncriminal conduct necessarily results in a technical violation of community control conditions. *Id.* at ¶ 27. Rather, trial courts have discretion to consider the nature of the violation on a case-by-case basis when determining whether the violation was technical or nontechnical.

{¶ 18} In sum, the trial court's determination that appellant's violations of the conditions of his community control were nontechnical is supported by the record, and

8.

Whitacker fails to identify any evidence to the contrary. As a result, the 90-day time limit established in R.C. 2929.15(B)(1)(c)(i) for prison terms resulting from a technical community control violation is not applicable to Whitacker's sentence. The trial court's imposition of a one-year prison term on each of Whitaker's convictions is not contrary to law and his assignment of error is found not well-taken.

### III. Conclusion

{¶ 19} We find appellant's assignment of error not well-taken. We therefore affirm the June 24, 2019 judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         

                                              
_____
JUDGE

Christine E. Mayle, J.         

_____
JUDGE

Gene A. Zmuda, P.J.         
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.