[Cite as *State v. Shabaa*, 2022-Ohio-2437.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-21-1209

      Appellee                           Trial Court No.  CR0201903224

v.

Shakur I. Shabaa                         **DECISION AND JUDGMENT**

      Appellant                          Decided:  July 15, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} Appellant, Shakur Shabaa, appeals the October 6, 2021 judgment of the

Lucas County Court of Common Pleas sentencing him to 18 months in prison after

admitting to violating the terms of his community control. For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On December 30, 2019, appellant was indicted on seven felony counts. The charges included one count of obstructing official business in violation of R.C. 2921.31(A) and (B), a fifth-degree felony; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), a fourth-degree felony; one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and (C)(9)(c), a fourth-degree felony; one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11), and (C)(11)(b), a fourth-degree felony; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a fourth-degree felony; one count of aggravated possession of drugs in violation of R.C 2925.11(A) and (C)(1)(a), a fifth-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony.

{¶ 3} The charges arose from an August 12, 2019 incident in which officers from the Toledo Police Department responded to a call alleging that individuals in two separate vehicles were threatening to shoot one another. The officers arrived and found appellant inside one of the vehicles with his window closed. Appellant declined to roll down his window when asked and instead drove his car from the scene. After crashing into a traffic sign, appellant exited the vehicle and continued fleeing on foot. Appellant

2.

was eventually apprehended and placed under arrest.  A subsequent search of appellant's vehicle revealed a loaded firearm, a bag of marijuana, 8.29 grams of acetaminophen and Oxycodone, 1.62 grams of diphenhydramine and Fentanyl, .16 grams of cocaine, and $1,036 in cash.

{¶ 4} Appellant first appeared for arraignment on January 22, 2020.  At that time, the trial court granted appellant's request that his arraignment be rescheduled so that he could retain counsel.  The arraignment was rescheduled for February 5, 2020.  Appellant was released on his own recognizance with the condition that he submit to drug screens while on release.

{¶ 5} On February 5, 2020, appellant appeared for his rescheduled arraignment with counsel and entered a not guilty plea to all counts.  The trial court revoked appellant's own recognizance bond because appellant had tested positive for marijuana, opiates, and oxycodone while on release.  The trial court imposed a new bond of $100,000 and ordered appellant remanded to the custody of the Lucas County Sheriff's Department.

{¶ 6} Following negotiations with the state, appellant appeared for a change of plea hearing on July 14, 2020.  At that time, appellant agreed to enter a guilty plea to both the improper handling of a firearm in a motor vehicle and the trafficking in a fentanyl-related compound charges.  In exchange for his plea, the state agreed to request a dismissal of the remaining charges.  The trial court accepted appellant's plea, found him

3.

guilty of the stated offenses, and scheduled the matter for sentencing on August 26, 2020. Appellant was also ordered to participate in the preparation of a presentence investigation report.

{¶ 7} At sentencing, the trial court noted appellant's failure to comply with the pretrial drug screening requirements while released on his own recognizance by missing required drug screens and, that when appellant did provide a drug screen, he tested positive for marijuana, opiates, and Oxycodone. The trial court also noted that in appellant's lengthy criminal history, "several" of his convictions were for drug-related offenses. The trial court then imposed a three-year term of community control on each count. As conditions of his community control, the trial court ordered appellant to complete a six-month program at a correctional treatment facility as well as the related after-care program, to engage in mental health treatment, to seek and maintain full-time employment, to provide verification of attaining or, if he has not already done so, to complete a graduate equivalency diploma program, to participate in drug screening as required by the Lucas County Adult Probation Department, and to refrain from ingesting any drugs or alcohol. Appellant was advised that the violation of any of these conditions could result in the imposition of an 18-month prison term on each count. The trial court then dismissed the remaining counts at the state's request and ordered appellant to report to the Lucas County Adult Probation Department.

4.

{¶ 8} On July 1, 2021, appellant appeared for a hearing regarding alleged violations of the conditions of his community control. The community control violation report alleged that appellant "failed to follow [the probation department's] drug and alcohol policy for submitting urine screens." Specifically, the policy required appellant to provide a urine sample for drug screens twice a week. Appellant failed to provide 14 of his required urine samples between March 12, 2021 and June 8, 2021. The report noted that the sporadic screens appellant did provide during that time were negative.

{¶ 9} The hearing on appellant's violation was continued six times before finally taking place on August 11, 2021. At the hearing, appellant admitted to the violation. Appellant then alleged that despite admitting to the violation that he was in "substantial compliance" with his community control conditions. He attributed the missed screenings to issues with transportation, a lack of understanding of the policy, and a death in the family. He then asked the trial court to delay sentencing for two months to allow him to show his continued compliance with the conditions. The trial court granted the continuance but made no indication that appellant's future compliance with the community control conditions would impact its final disposition of the admitted violations.

{¶ 10} Between the violation hearing and his October 6, 2021 sentencing, appellant missed an additional drug screen. At his sentencing, he informed the court that this missed test was the result of his failure to bring a mask to the testing site as required

5.

in light of the ongoing COVID-19 pandemic. The trial court stated that appellant's conduct showed that he was not "taking community control seriously." The trial court then sentenced appellant to an 18-month prison term for the violation of the community control imposed for each count on which he was convicted. The prison terms were ordered to be served concurrently. The trial court memorialized appellant's sentence with a judgment entry later that day.

{¶ 11} Within minutes of the judgment entry's journalization, appellant filed a motion to modify his sentence. Appellant's motion argued that the sentence was contrary to law because his violations of the community control conditions were technical in nature. Pursuant to R.C. 2929.15(B)(1)(c)(ii), the prison term for a technical violation of community control imposed on a non-violent fourth-degree felony conviction is limited to 180 days. Since appellant was sentenced to 18-month prison terms for the violation on each conviction, he argued, the trial court imposed an illegal sentence that should be modified. The state opposed appellant's motion on October 28, 2021. Appellant filed both his reply brief in support of his motion and a notice of appeal of the trial court's judgment on November 5, 2021. The trial court denied appellant's motion on November 18, 2021 finding that it lacked jurisdiction to modify appellant's sentence following his filing of a notice of appeal.

## B. Assignments of Error

{¶ 12} Appellant's timely appeal asserts the following errors for our review:

6.

1.  The trial court committed plain error when it imposed an eighteen month prison sentence for failing to drop all of the urine screens requested by the Lucas County Adult Probation Department, when none of the screens which were provided were dirty, and when Mr. Shakur had not committed a new offense, such that the violation was arguably technical, in which case the imposed sentence was plain error pursuant to R.C. 2929.15(B)(1)(c)(ii).

2.  The trial court abused its discretion when it denied appellant's motion to modify his sentence on the basis of a lack of jurisdiction following the filing of a Notice of Appeal, when the Motion to Modify Sentence was filed the same day as sentencing, and the Notice of Appeal was on the last available date for filing pursuant to App.R. 4(A)(1), and when the record doesn't reflect the imposition of a schedule for filing of responsive pleadings in order to preserve time for deciding the matter within 30 days.

## II.     Law and Analysis

### A.  Appellant's sentence was not contrary to law.

{¶ 13} In his first assignment of error, appellant argues that the trial court imposed a sentence that was contrary to law.  Specifically, appellant argues that because his

community control violations were technical in nature, that the trial court could not impose a prison term which exceeded 180 days as described in R.C. 2929.15(B)(1)(c)(ii).

{¶ 14} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. *State v. Moore*, 12th Dist. Butler No. CA2007-03-060, 2008-Ohio-1477, ¶ 12, citing *State v. Costlow*, 8th Dist. Cuyahoga No. 89501, 2008-Ohio-1097, ¶ 15.

{¶ 15} R.C. 2929.15(B) states:

> (B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> ***

8.

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

Appellant argues that his admitted violations of the conditions of his community control were technical in nature. For that reason, he argues, the trial court's imposition of an 18-month prison term for violating the community control conditions was contrary to law.

9.

{¶ 16} Whether a community control violation is technical in nature depends on whether the condition violated was "a specifically tailored substantive rehabilitative requirement or merely a general administrative requirement to facilitate supervision during the period of the sanction." *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 30. Violation of a substantive rehabilitative requirement is nontechnical in nature. *Id.* Additionally, it is well-settled that the term "technical" is distinct from "non-criminal" and a violation can be nontechnical even where subsequent criminal charges are not filed. *Id.* Notably, we have previously held that a defendant's failure to abide by drug testing and drug treatment conditions of community control were nontechnical violations despite the lack of additional criminal charges. *See State v. Tackett*, 6th Dist. Erie No. E-18-040, 2019-Ohio-2253 (defendant's failure to report to probation, abide by all laws and ordinances, appear for and pass drug tests, and seek and maintain employment violated substantive rehabilitative requirements and were nontechnical in nature); *State v. Hope,* 6th Dist. Wood No. WD-18-080, 2019-Ohio-3023 (defendant's failure to appear for and pass drug tests violated substantive rehabilitative requirements and were nontechnical violations).

{¶ 17} Here, appellant was convicted of improperly handling a firearm in a motor vehicle and trafficking in a fentanyl-related compound. Following appellant's guilty plea, the trial court imposed three years of community control. The conditions of appellant's community control required him to submit a urine sample for all drug screens

10.

required by the Lucas County Adult Probation Department. When imposing the sentence, the trial court noted that in addition to the current trafficking offense, appellant's criminal history included "several" drug-related offenses. The trial court also stated that appellant's bond in the current case was revoked because he tested positive for marijuana, opiates, and oxycodone. Additionally, the presentence investigation report reflects appellant's admission that he regularly smokes marijuana and would illegally obtain Percocet to treat a claimed chronic pain condition.

{¶ 18} Having reviewed the record, we find that the trial court's requirement that appellant participate in drug testing as a condition of his community control was a substantive rehabilitative requirement of his community control. The trial court clearly considered appellant's history of drug use, prior convictions for drug-related offenses, and his admitted drug use when it imposed the drug testing condition on his community control term. The failure to comply with this rehabilitative condition, then, constitutes a nontechnical violation of the conditions of his community control.

{¶ 19} Appellant offers several reasons why his violations should be considered technical. First, he argues that the drug testing requirement was merely to enforce the additional condition that he not ingest any drugs while on community control. It is entirely unclear how additional conditions related to rehabilitating appellant's drug use would show that the testing was merely intended to facilitate his supervision while on community control. Instead, the explicit requirement that appellant not ingest drugs

11.

further ties the required drug testing to the rehabilitative nature of the community control conditions. As a result, this argument is without merit.

{¶ 20} Next, appellant argues that the trial court based his sentence on conduct other than the admitted violation. Specifically, appellant argues that the trial court considered his unapproved travel to Michigan, his inability to provide a prescription for Percocet he admitted possessing, and his inability to verify his employment when it imposed his sentence. Appellant argues that these issues "should not have been addressed in the court's sentencing colloquy." The record shows that while the trial court considered various sentencing factors, as required by R.C. 2929.12, appellant's sentence was imposed only for the admitted violation. The trial court's consideration of these additional factors in determining the *appropriate* sentence for those violations has no impact on whether the admitted violation was technical or nontechnical.

{¶ 21} Finally, appellant argues that his violation was technical because the failure to participate in the required drug screenings did not constitute a new criminal offense. Whether the violation results in additional criminal charges is immaterial to whether those violations are technical in nature. *Calhoun,* 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, at ¶ 30; *Tackett*, 6th Dist. Erie No. E-18-040, 2019-Ohio-2253, at ¶ 16; *Hope,* 6th Dist. Wood No. WD-18-080, 2019-Ohio-3023, at ¶ 17. The only issue to determine is whether the violation was of a substantive rehabilitative requirement. *Id.* As a result,

12.

the lack of additional criminal charges resulting from the violation does not impact our review of the trial court's judgment.

{¶ 22} In sum, the record shows that the trial court imposed substantive rehabilitative conditions of community control that appellant violated. As a result, appellant's prison term was not subject to the 180-day limit described in R.C. 2929.15(B)(1)(c)(ii). Appellant has failed to identify clear and convincing evidence that his sentence was contrary to law. Therefore, appellant's first assignment of error is found not well-taken.

### B. The trial court lacked jurisdiction to consider appellant's motion to modify his sentence.

{¶ 23} In his second assignment of error, appellant argues that the trial court abused its discretion when it denied his motion to modify his sentence. Specifically, appellant argues that the trial court's failure to rule on his motion to modify his sentence before his time to appeal lapsed, and then denying the motion based on a lack of jurisdiction due to the pending appeal constituted error. We disagree.

{¶ 24} In *State v. Myers,* 6th Dist. Wood No. WD-17-063, 2018-Ohio-1871, we found that "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* at ¶ 6. As a result, once a notice of appeal has been filed, the trial court loses jurisdiction to consider any motions which interferes with this court's

13.

ability to consider the appeal. Clearly, a motion to modify a sentence is in direct conflict with this court's review of the trial court's judgment. *Id.* at ¶ 7. This alone is sufficient to show that the trial court did not err in denying appellant's motion to modify his sentence.

{¶ 25} Approximately one year after *Myers,* we further clarified that a trial court loses jurisdiction to consider a motion to modify a sentence even earlier than the filing of a notice of appeal. In *State v. Short,* 6th Dist. Lucas No. L-18-1063, 2019-Ohio-1180, we found that a judgment order that includes "the fact of the conviction, the sentence, the judge's signature, and an indication of entry on the journal by the clerk" complies with Crim.R. 32(C) and is a final order. *Id.* at ¶ 5. Once a judgment entry is final, the trial court lacks jurisdiction to modify its own judgment. *Id.,* citing *State v. Carlisle,* 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. Therefore, a trial court loses jurisdiction to modify a sentence as soon as the judgment entry becomes final, regardless of whether a notice of appeal has been filed. *Id.* at ¶ 6. Here, appellant filed his motion to modify his sentence after the final judgment entry was journalized, denying the trial court jurisdiction to consider the motion.

{¶ 26} For these reasons, we find that the trial court correctly denied appellant's motion based on its lack of jurisdiction, albeit relying on a legally correct but imprecise rationale. "[T]his court will not reverse a trial court decision 'that achieves the right result for the wrong reason, because such an error is not prejudicial.'" *Brown v. State,*

2019-Ohio-4376, 147 N.E.3d 1194, ¶ 41 (6th Dist.), citing *Toledo v. Schmiedebusch,* 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 37 (6th Dist.). Because the trial court reached the correct conclusion that it lacked jurisdiction to consider appellant's motion to modify his sentence, appellant's second assignment of error is found not well-taken.

### III.   Conclusion

{¶ 27} We find appellant's first and second assignments of error not well-taken. We affirm the October 6, 2021 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                           _____
                                                                        JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, P.J.                          _____
CONCUR.                                                       JUDGE

                                                       _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.